UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60348-Civ-COOKE/WHITE

RONALD D. BOLDS,

    Plaintiff

vs.

BROWARD COUNTY
SHERIFF'S OFFICE, *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S RULE 60 MOTION

THIS MATTER is before me on Defendant Maury Hernandez's Rule 60 Motion for Relief from Court's March 21, 2011 and March 28, 2011 Orders, and Renewed Motion to Strike and/or Quash Service of Process. (ECF No. 135). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons provided in this Order, the Defendant's Motion is denied.

Plaintiff filed his Complaint on March 13, 2008. (ECF No. 1). Defendant Maury Hernandez is an officer at the Broward County Sherriff's Office. From June 21, 2008, until approximately February 12, 2010, the U.S. Marshals made numerous attempts to serve Officer Hernandez at the Broward County Sherriff Office's Pembroke Park and Fort Lauderdale branches. On January 11, 2011, the U.S. Marshals filed an unexecuted return of summons as to Officer Hernandez. (ECF No. 100). On January 25, 2011, Judge White issued a Report and Recommendation recommending the dismissal of Defendant Hernandez. Plaintiff was able to obtain pro bono counsel after the Report and Recommendation was issued. (ECF Nos. 106, 107). Shortly thereafter, counsel were able to locate and serve Defendant Hernandez in Hialeah, Florida.

(ECF No. 108).

On March 21, 2011, this Court entered an Order Declining to Adopt the Report and Recommendations, finding that Plaintiff had shown good cause for failing to serve Defendant Hernandez within 120 days after his complaint was filed. (ECF No. 113). Specifically, this Court found that the record indicated that the Plaintiff, through no fault of his own, was unable to serve Defendant Hernandez for the majority of this litigation. *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009) ("[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes "good cause" for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)."). The Court found that some of the delay in serving the Defendant could be attributed Defendants Tianga and Wagers's refusal to provide an alternate appropriate address for Defendant Hernandez, as well as to the U.S. Marshals taking almost a year to file a Process Receipt and Return notifying the Court that service was unexecuted. The Court also found that it would be unreasonable to expect Plaintiff to provide the current address of Defendant Hernandez to the U.S. Marshals while he was incarcerated and proceeding without counsel, especially when Defendants Tianga and Wagers refused to provide an alternate appropriate address for Defendant Hernandez in discovery. *Cf. Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010) ("It is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison.").

Defendant Hernandez now moves, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for relief from the Order declining to Adopt the Report and Recommendation and Judge White's Order denying Defendant's Motion to Quash (ECF No. 114). Defendant seeks relief pursuant to Rule 60(b) for mistake, fraud, misrepresentation, or misconduct by an opposing party,

or any other reason that justifies relief.

"Substantive mistakes made by federal judges may be cured through reconsideration under Rule 60(b)(1)." *In Re Bryan Road, LLC*, 389 B.R. 297, 300 (S.D. Fla. 2008). A movant seeking relief under Rule 60(b)(3) must show clear and convincing evidence of fraud, misrepresentations, or misconduct. *Cox v. Nuclear Pharmacy, Inc. v. CTI, Inc*., 478 F.3d 1303, 1324 (11th Cir. 2007). Relief under the Rule 60(b)(6) "catch-all" provision "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and that, "absent such relief, an extreme and unexpected hardship will result." *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984) (internal quotations omitted).

Defendant argues that it recently discovered that Plaintiff was represented by counsel while he was incarcerated. During his deposition, Plaintiff testified as follows:

> Q. Prior to your release from prison, had your lawyers already been representing you? Prior to getting released from prison, had your lawyers already been representing you?
> A. No.
> Q. In the statement you had given to internal affairs several years ago you had indicated then that you were being represented by the Justice Institute. Back in 2000, were you being represented by the Justice Institute while still in jail?
> * * *
> A. Yes.
> * * *
> Q. Who had been representing you then from the Florida Institute while you were in jail?
> * * *
> A. Just Miami Project that I was writing the district court of Miami.

(See ECF No. 135-1). The most this exchange reveals is that Plaintiff may have indicated in a statement to internal affairs that the Justice Institute represented him. At the time Plaintiff made a statement to internal affairs, he had not initiated this lawsuit. Plaintiff later testifies in his deposition that the "Miami Project that I was writing the district court of Miami" represented him. Plaintiff did not provide any information on—nor did defense counsel apparently clarify—what the

"Miami Project" refers to, how this organization or group represented him, and whether that representation had anything to do with this litigation. Notably, Plaintiff does not testify that counsel represented him at any time in connection with this litigation until he was released from prison and obtained assistance from the Volunteer Lawyer's Project. He also states that he was writing the district court of Miami, which could indicate that he personally was drafting his filings. What Plaintiff meant, however, is left the parties' and this Court's speculation, as deposing counsel did not ask follow-up questions to clarify this issue.[1]

Defendant has failed to show any substantive mistake, fraud, misrepresentation, or misconduct by an opposing party, or the existence of any extraordinary circumstances that warrant relief from this Court's Orders. Accordingly, Defendant Maury Hernandez's Rule 60 Motion for Relief from Court's March 21, 2011 and March 28, 2011 Orders, and Renewed Motion to Strike and/or Quash Service of Process (ECF No. 135) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 12th day of August 2011.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*
*Ronald D. Bolds*, pro se
4100 S.W. 21st Street
West Park, FL 33123

---

[1] Plaintiff provides an unsworn declaration for Mr. Bolds, where he states that at the time he made the statement to internal affairs he did not have a lawyer. He explains that the "Miami Project" refers to the people who work in the prison law library.

Case 0:08-cv-60348-MGC   Document 164   Entered on FLSD Docket 08/12/2011   Page 5 of 5