UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60348-Civ-COOKE/WHITE

RONALD D. BOLDS,

    Plaintiff

vs.

DETECTIVE HERNANDEZ, *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before me on Defendant Samuel Wagers's Motion for Summary Judgment. (ECF No. 136). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons provided in this Order, the Defendant's Motion is denied.

### I. BACKGROUND

Plaintiff Ronald D. Bolds alleges that three officers of the Broward County Sherriff's Office, including Defendant Samuel Wagers, violated 42 U.S.C. § 1983 because they used excessive force or failed to intervene to prevent the use of excessive force during his June 22, 2006 arrest.[1]

Bolds testified that Wagers approached him while he was in his kitchen. 4/14/2009 Bolds Dep. 47:9-25. According to Bolds, Wagers grabbed him in a headlock and choked him. 4/14/2009 Bolds Dep. 48:1-11. He stated that he did not have a chance to put his hands behind his back because Wagers had him in a chokehold. 4/14/2009 Bolds Dep. 50:9-12. Bolds denied kicking or swinging at Wagers. 4/14/2009 Bolds Dep. 50:13-19. Bolds testified that Wagers slammed him to the ground. 4/14/2009 Bolds Dep. 50:19-21, 59:3-60:19. Bolds testified that Wagers called for

---

[1] Bolds filed his Complaint when he was proceeding *pro se*. Construed broadly, his Complaint states a claim

back up and Defendants Hernandez and Tianga responded to the call.  4/14/2009 Bolds Dep. 60:20-61:18.  When the officers responded, Bolds stated he was lying on the ground, and was not resisting.  4/14/2009 Bolds Dep. 62:1-4.  According to Bolds, Defendants Hernandez and Tianga kicked him up to six times, and stomped on his hand.  4/14/2009 Bolds Dep. 62:18-63:9, 69:16-75:4; 5/20/2011 Bolds Dep. 18:25-31:14, 75:4-82:2.  Wagers sat on the ground behind him when the other officers came in, and watched the confrontation occur.  4/14/2009 Bolds Dep. 72:22-73:6; 5/20/2011 Bolds Dep. 15:11-17:7.  After this confrontation, the officers picked Bolds up and took him to the squad car.  4/14/2009 Bolds Dep. 61:7-18; 75:5-76:25.

Wagers disputes each of the facts recited above.  According to Wagers official Event Report, he approached Bolds, who was around the West Park rooming house area, after seeing him involved in suspicious activity, i.e., an illegal narcotics transaction.  As Wagers reached for his radio, Bolds slapped and kicked the radio away from him.  Wagers reported that Bolds attempted to leave the area; Wagers placed his hands on him to prevent him from leaving.  According to the Event Report, Wagers was eventually able to call for back up.  Wagers reported that Bolds continued to resist arrest.  Wagers stated that he wrestled Bolds to the ground in order to stop him.  Wagers also provided a sworn affidavit averring that he did not witness any use of excessive force on Bolds.  Wagers Aff. ¶ 4.  He stated that back-up units took Bolds into custody "very quickly."  Wagers Aff.  ¶ 5.  He further stated that if any officer used excessive force, he did not have the opportunity to prevent it because he did not see it and was busy securing drugs that Bolds dropped at the scene.  *Id*.

Wagers seeks summary judgment on the ground that (i) his actions did not proximately cause Bolds's injuries; (ii) he did not have a realistic opportunity to intervene to prevent any alleged

---

against Wagers for use of excessive force and failure to intervene.

use of excessive force; and (iii) he is entitled to qualified immunity.[2]

## II. LEGAL STANDARDS

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of [Rule 56(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(c) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v.*

---

[2] Wagers also argues that Bolds's convictions for possession of cocaine, battery on a police officer, and resisting arrest without violence bars his contention that Wagers planted drugs on him, estops him from arguing that he did not have cocaine on his person, and estops him from arguing he did not commit battery on a police officer at the time of his arrest. In his Response, Bolds clarifies that he is not seeking damages based on the invalidity of his arrest, search, or subsequent convictions. Pl.'s Resp. 5. Bolds further clarifies that he does not base his claims on any allegation that Wagers planted drugs on him or that he did not commit the offenses for which he was convicted. Thus, I will not address Wagers's arguments on these issues.

3

*Harris*, 550 U.S. 372, 378 (2007).

### III. ANALYSIS

#### A. Excessive Force and Failure to Intervene

A court must analyze a claim that a law enforcement officer used excessive force in the course of making an arrest, investigatory stop, or other "seizure" of an individual, under the Fourth Amendment "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id*. at 396 (internal quotations omitted). "To balance the necessity of the use of force used against the arrestee's constitutional rights, a court must evaluate several factors, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Vinyard v. Wilson*, 311 F.3d 1340, 1347 (11th Cir. 2002) (quoting *Graham*, 490 U.S. at 396).

Additionally, a police officer does not need to actually participate in the use of excessive force to be liable under § 1983. "[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441-42 (11th Cir. 1985). "[I]n order for an officer to be liable for failing to stop police brutality, the officer must be in a position to intervene." *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998).

Wagers is entitled to summary judgment as to Bolds's excessive use of force claims. Common law tort principles of damages and causation apply in the § 1983 context. *Jackson v. Sauls*, 206 F.3d 1156, 1168 (11th Cir. 2000). "For damages to be proximately caused by a

4

constitutional tort, a plaintiff must show that, except for that constitutional tort, such injuries and damages would not have occurred and further that such injuries and damages were the reasonably foreseeable consequences of the tortious acts or omissions in issue." *Id*. Bolds testified that Wagers's own use of force did not cause his physical injuries; rather, he sustained injuries from being kicked by Hernandez and Tianga. *See, e.g.*, 4/14/2009 Bolds Dep. 65:1-10; 71:14-72:21; 5/20/2011 Bolds Dep. 71:19-73:6. There is no evidence that Wagers caused any of Bolds's alleged damages. Thus, summary judgment is proper, and this claim is dismissed.

Wagers fails to meet his burden to show that there are no genuine issues of material fact with regard to whether he failed to intervene to prevent other officers' use of excessive force. Here, Bolds and Wagers disagree on all of the material facts surrounding the alleged incident. They each provide conflicting sworn statements about what happened on June 22, 2006. While Bolds testified that Wagers was sitting closely by him when Defendants Hernandez and Tianga kicked him up to six times and stomped on his hand as he was lying on the ground, Wagers avers he did not see any use of excessive force and was securing drugs when the officers arrived.[3] "Issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003). Viewing the facts in the light most favorable to Bolds, it does not appear that summary judgment is appropriate as to this issue.

---

[3] Wagers cites several cases where a court held that an officer did not have an opportunity to intervene because the attacking officer's conduct was quick or limited to a few successive blows. *See, e.g.*, *O'Neill v. Krzeminski*, 839 F.2d 9, 10 (2d Cir. 1988) (defendant was not liable for failing to intervene where officer struck plaintiff "three times in rapid succession"); *Lanigan*, 110 F.2d at 478 (defendant was not liable for failing to intervene where officer's conduct consisted of one push and poke). However, viewing the evidence in the light most favorable to Bolds, it appears that the officers here may have kicked him up to six times, and stomped on his hand. *See* 4/14/2009 Bolds Dep. 62:18-63:9, 69:16-75:4. The disputed evidence establishes that the confrontation may have involved more than a few, quick physical blows. Thus, jury issues remain regarding the nature of the attack and whether Wagers could have intervened.

5

### B. Qualified Immunity

Qualified immunity protects government officials sued in their individual capacities where their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard*, 311 F.3d at 1346 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). An officer is entitled to qualified immunity "if his actions were objectively reasonable, that is if an objectively reasonable officer in the same situation could have believed that the force used was not excessive." *Id*. (citing *Anderson v. Creighton*, 483 U.S. 635, 638-41 (1987)).

Because it is undisputed that Wagers was acting within his discretionary authority, the burden shifts to Bolds to show that qualified immunity does not apply. *See Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1291 (11th Cir. 2009). To determine whether an official is protected by qualified immunity the court must inquire whether (i) the plaintiff's allegations, if true, establish a constitutional violation; and (ii) the constitutional right was clearly established at the time of the officer's conduct. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal quotations omitted); *see Fils v. City of Aventura*, __ F.3d __, 2011 WL 3241618, at *12 (11th Cir. July. 28, 2011). To determine whether the use of force was necessary, the court must examine: " (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Fils*, 2011 WL 3241618, at *12 (internal quotation marks omitted); *see Vinyard*, 311 F.3d at 1347

(quoting *Graham*, 490 U.S. at 396).

These factors weigh in Bolds's favor. When Wagers approached Bolds, he suspected Bolds had engaged in an illegal narcotics transaction. The crime, though serious, did not involve violence or threat of violence. Bolds claims that he was not resisting arrest when Hernandez and Tianga came into the rooming house and began kicking him and stomped on his hand; instead, he states he was lying on the ground and his hands were visible.[4] Thus, according to Bolds's version of the events, he did not pose an immediate threat to the officers' safety and he was not resisting arrest when Hernandez and Tianga came into the rooming house. *Cf. Fils*, 2011 WL 3241618, at *15 (finding officer used excessive force in shooting plaintiff with taser where plaintiff showed no hostility to officer, did not any disobey orders, and did not make menacing gestures); *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008) (finding officer used excessive force by striking plaintiff in the stomach when he was not struggling or resisting). He alleges that Wagers sat behind him throughout the alleged confrontation and watched it unfold. According to Bolds's version of events, Wagers was in a position to intervene to prevent the use of excessive force, but failed to do so. *See Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 925 (11th Cir. 2000) (reversing judgment as a matter of law because plaintiff's account was that officer watched the incident and conflicting evidence suggested incident took anywhere from 5 seconds to two minutes); *cf. Sanchez v. Hialeah Police Dep't*, 357 F. App'x 229, 234 (11th Cir. 2009) (officer was in position to intervene because he was in close proximity to officer who beat plaintiff). Bolds's allegations, if

---

[4] Wagers appears to argue that Bolds cannot establish a constitutional violation because he was convicted of battery on a police officer and resisting arrest without violence. *See generally Heck v. Humphrey*, 512 U.S. 477, 487 (1994). However, the conviction only establishes that at some point Bolds resisted and committed battery. Based on the evidence presented, this Court cannot determine when the kicks occurred in relation to Bolds's battery on a police officer or when he resisted arrest. *Cf. Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008) (guilty plea to resisting arrest with violence did not bar excessive use of force claim because the court "d[id] not definitively know . . . whether the punch complained about occurred at a time when [plaintiff] was resisting.").

true, establish a constitutional violation.

Having determined that Bolds's allegations establish a constitutional violation, a court must determine whether "the official's acts, at the time they were taken, violated clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Priester*, 208 F.3d at 926. "For the law to be 'clearly established,' case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law." *Id.*; *see Ashcroft*, 131 S. Ct. at 2083. The Eleventh Circuit has identified a narrow exception to this rule requiring particularized case law in excessive force cases. "When an excessive force plaintiff shows that the official's conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of caselaw, the official is not entitled to the defense of qualified immunity." *Priester*, 208 F.3d at 926 (internal quotations omitted); *see Fils*, 2011 WL 3241618, at *15.

Because I find that Hernandez and Tianga used excessive force under Bolds's version of events, Wagers may be held liable if he was in a position to intervene. According to Bolds, Wagers was sitting in close proximity to him when Hernandez and Tianga ran towards him and kicked him up to six times and stomped on his hand. Bolds claims Wagers watched the entire confrontation unfold. Under Bolds's version of events, Wagers was in a position to intervene. An officer's duty to intervene when he witnesses excessive use of force was clearly established in June 2006. *See Priester*, 208 F.3d at 927 ("Nor do we think particularized case law is necessary to overcome [the defendant's] claim of qualified immunity. That a police officer had a duty to intervene when he witnessed the use of excessive force and had the ability to intervene was clearly established in February 1994."); *see also Sanchez*, 357 F. App'x at 234 ("[A]n officer's duty to intervene [to

prevent other officer from beating plaintiff] was clearly established in this Circuit well before June 2003."). Wagers is therefore not entitled to qualified immunity.

## IV. CONCLUSION

For the reasons provided in this Order, Defendant Samuel Wagers's Motion for Summary Judgment (ECF No. 136) is **GRANTED in part and DENIED in part as follows**:

1. Defendant's Motion is **GRANTED** as to Plaintiff's claim of excessive use of force. This claim is dismissed.

2. Defendant's Motion is **DENIED** as to Plaintiff's claim of failure to intervene.

3. Defendant's Motion is **DENIED** as to Defendant's claim for qualified immunity.

**DONE and ORDERED** in chambers, at Miami, Florida, this 18th day of August 2011.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*
*Ronald D. Bolds*, pro se
4100 S.W. 21st Street
West Park, FL 33123